**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

AUBREY WILLIAMS, JR.,

a//k/a Brad Johnson, a/k/a Aubbrey
John Williams,

    Defendant-Appellant.

No. 10-6293

(D.C. No. 5:10-CR-00002-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK,** Circuit Judges, and **BRORBY**, Senior
Circuit Judge.[**]

Defendant Aubrey Williams appeals the district court's denial of his motion
to reconsider his motion to suppress evidence obtained during a traffic stop.
Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

I.

Around 12:05 p.m. on November 23, 2009, while on patrol, Agent Francisco Reyes of the Oklahoma Bureau of Narcotics observed Defendant's Chevrolet Tahoe cross the fog line along the side of Interstate 40. Shortly thereafter, Agent Reyes pulled over the vehicle. Agent Reyes had Defendant accompany him to the patrol car and proceeded to fill out a warning for failing to maintain a lane. While filling out the warning, Agent Reyes became suspicious of Defendant. He called a K-9 unit to the scene, and the dog alerted to the presence of narcotics. The agents searched the vehicle and found marijuana, a laptop computer with check-making software, two printers, blank check stock, two Wells Fargo payroll checks made out to persons other than Defendant, a false Nevada driver's license, a cell phone, and other incriminating items.

The Government charged Defendant, among other things, with possession of implements for counterfeiting securities in violation of 18 U.S.C. § 513(b). Defendant moved to suppress the evidence obtained from the search of his vehicle, and the district court denied his motion. Defendant entered a conditional guilty plea to possessing implements for counterfeiting securities, preserving his right to appeal the outcome of the suppression hearing. The Government dismissed the remaining counts. After the district court denied Defendant's motion to suppress the evidence, Agent Reyes in a separate matter pled guilty to two federal offenses, including making or causing false statements when purchasing firearms. Defendant filed a

motion to reconsider the denial of his motion to suppress, reasoning that Agent Reyes's testimony was not credible, given his guilty plea. The district court also denied this motion. On appeal, Defendant claims that the actions for which he was pulled over did not violate any Oklahoma statute and Agent Reyes's testimony was not credible.

## II.

In Defendant's motion to suppress, he argued Agent Reyes had no justification to conduct a traffic stop because he lacked reasonable suspicion that a traffic law was violated. On appeal, however, Defendant argues he did not violate any law when his vehicle crossed the fog line. The relevant statute requires drivers to drive "as nearly as practicable entirely within a single lane." Oklahoma Stat. tit. 47, § 11-309. He cites several cases in support of his argument and provides analysis, urging the court that a traffic stop should never have been initiated to begin with. Defendant did not raise this argument before the district court. "[A] party's failure to raise a specific argument in a suppression hearing results in waiver on appeal unless the party is able to show cause why it failed to raise the argument." U.S. v. Banks, 451 F.3d 721, 727 (10th Cir. 2006). In his brief, Defendant neither recognizes that he failed to preserve this argument for appeal nor provides any explanation establishing cause for his failure to raise the argument. Because Defendant did not preserve this argument, we decline to address his only challenge on appeal to the validity of the stop.

## III.

3

Defendant also argues the district court erred by denying his motion to reconsider. The district court considered the fact that Agent Reyes pled guilty to making false statements, but found his testimony credible, regardless. Defendant argues the district court should have granted his motion to reconsider, because Reyes's testimony was clearly not credible in light of his dishonest actions. This court consistently declines to question the trial courts' credibility findings. "We are bound to accept the…assessment of the credibility of witnesses as they are found by the trial judge as the trier of fact." United States v. McIntyre, 997 F.2d 687, 708 (10th Cir. 1993). Accordingly, we will not disturb the district court's credibility determination in this case.

Because Defendant presents no meritorious argument on appeal, the order of the district court denying Defendant's motion to reconsider is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

4